The plaintiff, by a regular chain of title, showed title in himself and a prima facie right to recover.
(653) In his chain of title plaintiff showed a bond for title to his grantor, T. C. Bradley, dated 6 March, 1877, and a deed in pursuance of said bond dated 14 June, 1881, and a deed to himself from T. C. Bradley dated 10 November, 1890. *Page 449 
The defendants introduced a deed from T. J. Rickman, administrator of J. H. Bradley, to J. H. Justice, dated 2 August, 1886, which it was admitted covered the locus in quo.
The defendants then offered the records and proceedings of the Superior Court of Henderson County in the case of T. J. Rickman, administrator of J. H. Bradley, against N. H. Bradley and others, including T. C. Bradley, who is admitted to be the same person from whom plaintiff claims title.
These proceedings seem to be regular — all the defendants served with summons and all necessary orders made for the sale of the land of J. H. Bradley, the intestate, for assets, the report of sale to defendant J. H. Justice, and order of confirmation — except the writ of possession issued by the clerk, which the court does not approve, but which has no effect upon the question now before it. (654)
The description in the petition of the land sought to be sold differs from that in the deed made in pursuance thereof. That in the petition is as follows: "A certain lot or parcel of land lying between Broad River and the Asheville and Rutherfordton road (Hickory Nut Gap road), just below Broad River bridge, it being the lot upon which the said J. H. Bradley did business just prior to his death, containing about one-half acre, or thereabout." The description in the deed from T. J. Rickman, administrator, to J. H. Justice is as follows: "A tract or parcel of land in the county of Henderson and State of North Carolina, adjoining the lands of and being part of the John Casey lands, and others, and bounded as follows, viz.: Beginning at a maple on the Broad River, near the Broad River bridge, and runs nearly north to the turnpike road; thence east with the road to the branch; thence with the branch to the river; thence with the river to the beginning, containing one acre, more or less, being the property where the said J. H. Bradley lived up to the time of his death."
The defendants offered the deed and record above for the purpose of showing that the title to the land in dispute had been adjudicated as being in J. H. Bradley, deceased, at his death, and that plaintiff, claiming under T. C. Bradley, subsequent to said proceedings, was bound by them, and estopped to deny the title of J. H. Justice. The plaintiff objected to the introduction of said records upon many grounds not necessary now to be stated.
The defendants failed to show any title either in law or equity to this land in the name of J. H. Bradley, and relied solely upon the estoppel to defeat the plaintiff's claim.
In deference to an intimation of the court the plaintiff suffered a nonsuit and appealed. *Page 450 
There is no testimony to show that the land described in the petition is the same as that for the possession of which this action is brought, unless it be that the recitals in the deed from Rickman, administrator, to Justice, are evidence to connect the two descriptions; and we know of no rule of evidence nor statute, as in the case of burned records (The Code, sec. 69), to impart this extraordinary effect to said recitals, the same making no reference to the description in the petition. It follows that the record relied on as an estoppel may relate to an entirely different tract of land. This renders it unnecessary for us to consider the interesting questions presented on the argument.
Taking the evidence, as we must do, in the most favorable view for the plaintiff in which it could be considered, there was error in the intimation of his Honor. The judgment of nonsuit must be reversed and a new trial granted.
NEW TRIAL.
(656)